**UNITED STATES of America,**
**Plaintiff,**

v.

**Owen LATTIMORE, Defendant**
**(two cases).**

**Nos. 1879-52, 1016-54.**

United States District Court
District of Columbia.

Oct. 23, 1954.

Leo A. Rover, John W. Jackson, Washington, D. C., for plaintiff.

Thurman Arnold, Joseph C. O'Mahoney, Washington, D. C., for defendant.

YOUNGDAHL, District Judge.

The United States Attorney has filed an affidavit of bias and prejudice against me. A Special Assistant to the Attorney General has certified that the affidavit is made in good faith.[1]

The affidavit asserts that I have a "fixed opinion" that the defendant Lattimore is innocent, and therefore, in order to "insure * * * a fair and impartial trial", I should disqualify myself. In support of these charges the affidavit relies on certain language in the Memorandum Opinion setting forth my rulings dismissing certain counts of the original indictment. D.C., 112 F.Supp. 507.

---

[1]. Title 28, section 144 of the United States Code, under which the affidavit has been filed, provides: "Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding." The affidavit can hardly be considered to have been filed "timely". The United States Attorney waited to file it until after the matter had been reviewed by the Court of Appeals and after a second indictment was returned on two additional counts.

The Government appealed from my rulings and our Court of Appeals, D.C. Cir., 215 F.2d 847, sitting en banc, reviewed them. Eight of our nine distinguished Appellate Judges sustained me in dismissing the most vital count in the indictment. Four of the nine Judges were for sustaining my action in toto. There is nothing, and the present affidavit makes no claim that there is anything, in any of the views expressed by any of our nine Appellate Judges that gives the slightest color to the charge of bias against me.[2]

The Government did not ask the Supreme Court to review the action of the Court of Appeals. Hence, the Government must have believed there was no valid basis within the judicial process for pursuing further review of my rulings in the case. The lack of such valid basis, however, neither exhausted nor restrained the resourcefulness of the Government's legal representatives in this litigation. They filed the present affidavit.

 Under applicable law, I cannot concern myself with the truth or falsity, but only with the legal sufficiency of the allegations of fact on which the affiant bases his charge of bias and prejudice. I note, however, that these allegations, as distinguished from the inference of prejudgment that the affiant would derive from them, are plainly true. The factual allegations are simply that in taking judicial action in this case I used certain words. These words cannot reasonably be thought to "give fair support" to an inference of bias and prejudice. Moreover, the Supreme Court determined long ago " * * * that the bias or prejudice which can be urged against a judge must be based upon something other than rulings in the case." Berger v. United States, 255 U.S. 22, 31, 41 S.Ct. 230, 232, 65 L.Ed. 481. Obviously, therefore, it must be based upon something other than the words the judge uses in setting forth his rulings.

At bottom, the affidavit is based upon the virulent notion that a United States judge who honors and adheres to the sacred Constitutional presumption that a man is innocent until his guilt is established by due process of law has "a bent of mind" that disables him from conducting the fair and impartial trial to which both the accused and the Government are entitled. The affidavit is therefore so patently and grossly insufficient that I cannot escape from the conclusion that the purpose of the affidavit is to discredit, in the public mind, the final action of our courts, or else to intimidate the courts themselves. It follows that those who made or authorized the certificate that the affidavit was made in good faith acted irresponsibly and recklessly as lawyers and officers of the Government.

Under my oath to preserve sacred Constitutional principles, I can properly do no less that to strike the affidavit as scandalous.

It is so ordered.

2. The affidavit says: "On the Motion to Dismiss it was not proper for the Judge to refer to 'background' and evidentiary matters developed in the course of the Tydings and McCarran Hearings * * *". This is strange. As the Court of Appeals said: "The Government, in its Points and Authorities, filed March 17, 1953, in the District Court in Opposition to the Motion to Dismiss, not only referred to but quoted extensively from the hearings." Moreover, the United States Attorney, in support of his oral arguments before this Court, referred extensively to the Committee hearings (see certified record of official court reporter, Criminal No. 1879-52, United States of America v. Owen Lattimore, April 8, 1953, pp. 89–90, 93–95, 103, 106–108, 128–131, 136, 148–149, 155–157, 163–165).