**UNITED STATES ex rel. Harold D. ROGERS**

v.

**Mark S. RICHMOND, Warden, Connecticut State Prison.**

**Civ. No. 6294.**

United States District Court
D. Connecticut.
July 17, 1958.

Louis Pollak, New Haven, Conn., for petitioner.

Abraham Ullman, State's Atty. for New Haven County, New Haven, Conn., Robert C. Zampano, East Haven, Conn., for respondent.

J. JOSEPH SMITH, Chief Judge.

Respondent moves that the writer disqualify himself from hearing any further proceeding in this case and refer the matter to another judge of this court. The basis of the motion is that this judge has a prejudgment of the issues in the case and a personal bias against the detectives involved and in favor of the cause of the relator Rogers. To support this claim and in attempted conformity with the requirements of 28 U.S.C. § 144, the respondent, Mark S. Richmond, has made a sworn affidavit setting out alleged facts which are claimed to show this bias. Respondent also argues that on "retrial" the same testimony and issues will be involved and matters not entertained may be within the scope of the prior knowledge of the judge and by reason of his prior knowledge of the facts, his alleged opinion against the respondent's witnesses and of prior ruling and findings he would not be capable of exercising complete impartiality.

A federal judge is not disqualified from retrying on remand a case originally tried before him. Bushey & Sons v. W. E. Hedger Transp. Corp., 2 Cir., 167 F.2d 9; Frank, Disqualification of Judges, 65 Yale L.J. 605 et seq.

Respondent also argues that a Connecticut statute precludes judges from sitting on a retrial of a case previously tried before them and that this is a substantive right which should not be denied the respondent in a federal forum. The qualification of federal judges is a matter, however, solely of federal law.

The affidavit filed is accompanied by a certificate by counsel for respondent that the affidavit is made in good faith.

28 U.S.C. § 144 provides:

"Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him

or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

"The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith."

The mere filing of the affidavit does not automatically disqualify the judge. He has the authority and the duty to decide whether the claim of bias is legally sufficient. Behr v. Mine Safety Appliances Co., 3 Cir., 233 F.2d 371. Moreover, it is "well established that the statute is to be given the utmost of strict construction in order to safeguard the judiciary from frivolous attacks upon its dignity and integrity." United States v. Valenti, D.C.D.N.J., 120 F.Supp. 80, 83 (cases cited).

■ Before proceeding to the sufficiency of the affidavit the question arises as to its timeliness. 28 U.S.C. § 144 provides that, "the affidavit * * * shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time." The alleged bias is claimed to have arisen during the course of proceeding. It is not timely, since filed in any event months after the rulings on trial which form the only basis for the affidavit. Cf. Ex parte N. K. Fairbank Co., D.C.M.D.Ala., 194 F. 978.

■ On the merits, in determining the legal sufficiency of the affidavit there are four guiding rules which the court should follow:

"(1) The mere filing of an affidavit does not oust the judge from the cause.

"(2) The judge has the right to determine the legal sufficiency of the affidavit.

"(3) The bias or prejudice must be personal, i. e. antagonism or opposition to the litigant, or favoritism for his opponent.

"(4) Definite views on the law, adverse rulings in the case on trial, or adverse rulings against the suitor in other cases or in cases involving similar facts do not constitute such disqualification, even in a criminal prosecution." United States v. Valenti, supra; Cole v. Loew's, Inc., D.C.S.D.Cal., 76 F.Supp. 872.

■ The judge may pass upon the sufficiency of the affidavit, but not upon the truth or falsity of the facts alleged. Berger v. United States, 255 U.S. 22, 41 S.Ct. 230, 65 L.Ed. 481; Tucker v. Kerner, 7 Cir., 186 F.2d 79, 23 A.L.R.2d 1027. Therefore in passing on the sufficiency of the affidavit the grounds alleged will be presumed as true for the purposes of this motion. The attack in substance is based upon the rulings of the court against the respondent, the failure to follow rulings of the state courts and the failure of the court to disbelieve the testimony of relator and believe the testimony of certain detectives. It is patently apparent that these claims fall within the fourth rule stated above. Because a judge has decided one case against a litigant is no reason why he cannot sit in another. Barnes v. United States, 9 Cir., 241 F.2d 252. In Chessman v. Teets, 9 Cir., 239 F.2d 205, 215, the court stated that, "the conduct and rulings of the trial judge in the case itself provide no basis for an affidavit of bias or prejudice." See also United States v. Lattimore, D.C.D.C., 125 F. Supp. 295, 296. The United States Supreme Court in Ex parte American Steel Barrel Co., 230 U.S. 35, at page 44, 33 S.Ct. 1007, at page 1010, 57 L.Ed. 1379, states (the statute authorizing the filing of an affidavit of bias or prejudice) "was never intended to enable a discontented litigant to oust a judge be-

cause of adverse ruling made, for such rulings are reviewable otherwise * * *."

The rulings of this court have been reviewed by the Court of Appeals and by the Supreme Court of the United States. These courts have remanded this case to this court with instructions as to the procedure in determining certain issues.

■ It is not bias which disqualifies a judge from hearing a case but "personal bias". Knapp v. Kinsey, 6 Cir., 232 F.2d 458; Craven v. United States, 1 Cir., 22 F.2d 605, certiorari denied 276 U.S. 627, 48 S.Ct. 321, 72 L.Ed. 739. In Tucker v. Kerner, 7 Cir., 186 F.2d at page 84, supra, Chief Judge Lindley speaking for the Court states,

"Every member of this court, every member of any court, every judge, when he hears a case or writes an opinion must form an opinion on the merits and oft times no doubt an opinion relative to the parties involved. But this does not mean that the judge has a 'personal bias or prejudice.' If it did, the disqualification of judges would be a matter of everyday rather than unusual and extraordinary occurrence which the statute is designed to meet."

Compare In re Federal Facilities Realty Trust, D.C.N.D.Ill., 140 F.Supp. 522.

In In re Linahan, Inc., 2 Cir., 138 F.2d 650, Judge Frank, speaking for the court, dismissed a claim of bias against a special master. His words are appropriate here. He said at page 651:

"Appellants entertain a fundamentally false notion conception of the prejudice which disqualifies a judicial officer.

"Democracy must, indeed, fail unless our courts try cases fairly, and there can be no fair trial before a judge lacking in impartiality and disinterestedness. If, however, 'bias' and 'partiality' be defined to mean the total absence of preconceptions in the mind of the judge, then no one has ever had a fair trial and no one ever will. The human mind, even at infancy, is no blank piece of paper. We are born with predispositions * * *, attitudes which precede reasoning in particular instances and which therefore, by definition, are pre-judices. Without acquired 'slants', pre-conceptions, life could not go on. * * *

"* * * The conscientious judge will, as far as possible, make himself aware of his biases of this character, and, by that very self-knowledge, nullify their effect. Much harm is done by the myth that, merely by putting on a black robe and taking the oath of office as a judge, a man ceases to be human and strips himself of all predilections, becomes a passionless thinking machine. * *

"But, just because his fact-finding is based on his estimates of the witnesses, of their reliability as reporters of what they saw and heard, it is his duty, while listening to and watching them, to form attitudes towards them. He must do his best to ascertain their motives, their biases, their dominating passions and interests, for only so he can judge of the accuracy of their narrations. He must also shrewdly observe the strategems of the opposing lawyers, perceive their efforts to sway him by appeals to his predilections. He must cannily penetrate through the surface of their remarks to their real purposes and motives. He has an official obligation to become prejudiced in that sense. Impartiality is not gullibility. Disinterestedness does not mean child-like innocence. If the judge did not form judgment of the actors in those court-house dramas called trials, he could never render decisions.

"His findings of fact may be erroneous, for, being human, he is not infallible; indeed, a judge who purports to be super-human is likely to be dominated by improper prejudices. When upper court judges on

an appeal decide that the findings of a trial judge are at fault because they—correctly or incorrectly— think those findings insufficiently supported by relevant and competent evidence, that appellate decision does not brand him as partial and unfair. When, his decision reversed because of errors in his findings of fact or conclusions of law, the case comes back to his court for a further hearing, he will not, if he is the kind of person entitled to hold office as a judge, permit his previous decision in the case to control him."

A motion to disqualify a judge for bias and prejudice is a serious undertaking, as evidenced by the fact that it must be in affidavit form, with a certificate of counsel.

The memorandum of the United States Supreme Court in denying certiorari left for the determination of this court under the law the question of whether to follow or not to follow the determination of the State Court.

The Connecticut statute mentioned has no force or effect on the procedure to be followed in assigning judges in a federal court. This argument is without merit and frivolous. The federal statute provides a method whereby a litigant, with grounds for belief that one judge of a district is personally biased or prejudiced against him or in favor of his opponent, may prior to a court term file an affidavit to that effect so that that judge may not sit in his case. It is not intended to permit counsel, dissatisfied with rulings in the course of a case, by inducing a litigant to sign an affidavit attacking the rulings and attacking the judge's integrity, to terminate the proceedings before that judge and start over before someone else.

Questions posed by those cases brought to test the constitutionality of state court rulings are not easy. Neither their difficulty nor the sort of attack made in the instant affidavit, however, would justify transferring the burden to another judge without the fulfillment of the statutory requirements, for it is the duty of the judge to act if the motion is based on insufficient grounds. Tucker v. Kerner, supra; Eisler v. United States, 83 U.S. App.D.C. 315, 170 F.2d 273, 278; United States v. Murphy, D.C.W.D.Mo., 19 F. Supp. 987, 988; United States v. Valenti, supra; In re Federal Facilities Realty Trust, supra; United States v. Shibley, D.C., 112 F.Supp. 734, 748.

The affidavit is ordered stricken as insufficient.

The motion is denied.