**UNITED STATES of America**
v.
**Edmund DEVLIN.**

**UNITED STATES of America**
v.
**Ralph "Whitey" TROPIANO.**

**UNITED STATES of America**
v.
**William P. GRASSO.**
**Cr. Nos. 12174, 12201, 12201.**

United States District Court
D. Connecticut.
May 6, 1968.

Jon O. Newman, U. S. Atty., Hartford, Conn., Samuel J. Heyman, Asst. U. S. Atty., New Haven, Conn., and J. Daniel Sagarin, Asst. U. S. Atty., New Haven, Conn., for the United States.

Ira B. Grudberg, of Jacobs, Jacobs, Grudberg & Clifford, New Haven, Conn., for defendant Devlin in Criminal No. 12,-174 and defendant Grasso in Criminal No. 12,201.

Howard A. Jacobs, of Jacobs, Jacobs, Grudberg & Clifford, New Haven, Conn., for defendant Tropiano in Criminal No. 12,201.

TIMBERS, Chief Judge.

## QUESTION PRESENTED

The essential question presented by defendants' motions, pursuant to 28 U.S.C. § 144, to disqualify the undersigned judge from proceeding further in these cases is whether rulings by the judge fixing bail and on motions to reduce bail show personal bias or prejudice on the part of the judge against defendants.

The Court holds that the affidavits in support of the instant motions are insufficient as a matter of law to show the personal bias or prejudice required for disqualification. The motions are denied as utterly frivolous.

Each motion is supported by an affidavit by the defendant, two affidavits by the defendant's attorneys and an affidavit by "a third year student at the Yale Law School." Defendants also have submitted memoranda of law. The government has submitted a response, in the form of a memorandum of law, in opposition to the motions. No hearing has been held on the instant motions, at the express request of the moving defendants.

The Court makes the following findings of fact and conclusions of law in support of its order denying the motions to disqualify.

## FINDINGS OF FACT

*As to Defendant Devlin (Criminal No. 12,174)*

(1) Devlin, together with 18 other defendants, was indicted by a grand jury in the District of Connecticut on February 20, 1968. The indictment charged Devlin with one count of interstate transportation of stolen goods, in violation of 18 U.S.C. § 2314, and two counts of conspiracy, in violation of 18 U.S.C. § 371, to transport stolen goods in interstate commerce and to receive, sell and dispose of goods moving in interstate commerce.

(2) The indictment was returned on February 20 at the New Haven seat of Court before Judge Zampano who ordered bench warrants issued for the arrest of some defendants, including Devlin, and ordered summonses issued for other defendants. Judge Zampano, at the time the indictment was returned, fixed bail for some defendants and ordered that bail for other defendants, including Devlin, be fixed at the time of arraignment.

(3) Devlin was presented for arraignment before the undersigned on February 21 at the express request of Judge Zampano because Devlin had been the subject of investigation in a matter unrelated to the instant case while Judge Zampano had been United States Attorney in this District.[1]

(4) Devlin was presented for arraignment at Bridgeport, the official station of the undersigned and the seat of Court where the undersigned happened to be sitting on February 21.

(5) Upon Devlin's being presented for arraignment before the undersigned at Bridgeport on February 21, attorney Grudberg said his client was not ready to plead but was there only to have bail fixed. Accordingly, at attorney Grudberg's request, the matter of plea was continued.[2]

(6) After a full hearing on February 21 on the matter of bail, at which Devlin was not only present and represented by counsel but actively participated himself, the undersigned fixed bail at $75,000 and imposed a special geographical limitation that Devlin not leave the County of New Haven except upon further order of the Court.[3]

1. Transcript of Devlin Bail Hearing Held February 21, 1968, pp. 14–15.

2. Devlin Bail Transcript, supra note 1, at 3–4.

3. Devlin Bail Transcript, supra note 1, at 20–22.

(7) Despite the provisions for review by a district judge of such a bail order, 18 U.S.C. § 3146(d), and for appeal to the United States Court of Appeals with respect to a bail order, 18 U.S.C. § 3147, no review was sought and no appeal was taken by Devlin with respect to the undersigned's bail order of February 21.

(8) On the same day, and within a few minutes after Devlin's bail was fixed at $75,000, a surety bond in that amount was posted by Barbara A. Jacobs, a professional bondsman.

(9) On March 4, accompanied by attorney Grudberg, Devlin pleaded not guilty before the undersigned to counts two, five and six of the indictment; and, upon application of attorney Grudberg, Devlin was granted until March 22 to file all motions and to claim them for hearing on April 1.

(10) Devlin filed five motions on March 22, all of which were heard by the undersigned on April 1 and were ruled upon between April 1 and April 4. Relief granted included: bill of particulars; production of Devlin's statements; transcription of grand jury minutes; compliance by government with Brady v. Maryland; dismissal of count five; and severance of the trial of counts four and seven (in which Devlin is not named) from the trial of counts one, two, three and six (Devlin being named in counts two and six).

(11) On April 3 Devlin filed a motion for a continuance of the trial before the undersigned from May 7 to May 28 on the ground of attorney Grudberg's preoccupation with criminal appellate work. The undersigned granted this motion to the extent of continuing the trial to May 21.

(12) On April 26 the instant motion was filed by Devlin to disqualify the undersigned from proceeding further in the case on the ground of alleged personal bias or prejudice against Devlin.

*As to Defendants Tropiano and Grasso (Criminal No. 12,201)*

(13) Tropiano and Grasso, together with one other defendant, were indicted by a grand jury in the District of Connecticut on March 27, 1968. The indictment charged Tropiano and Grasso with two counts of extortion and attempted extortion by the use of threatened force, violence and fear, in violation of the Hobbs Act, 18 U.S.C. § 1951, and one count of conspiracy, in violation of 18 U.S.C. § 371, to commit such acts.

(14) The indictment was returned at the New Haven seat of Court on March 27 at 2:41 P.M. before the undersigned who ordered bench warrants issued for the arrest of the three defendants, including Tropiano and Grasso, and fixed bail at $100,000 for Tropiano, at $25,000 for Grasso and at $5,000 for the third defendant (who has not made a motion to disqualify).

(15) At 6:20 P.M. on March 27, the day the indictment was returned, Tropiano and Grasso were presented before the undersigned for arraignment at New Haven. Such arraignment was at the express request of, and as an accommodation to, attorney Howard A. Jacobs who then represented both Tropiano and Grasso.[4]

(16) Upon the presentation of Tropiano and Grasso for arraignment before the undersigned on March 27, attorney Jacobs said his clients were not ready to plead but were there only for the purpose of moving to reduce the bail fixed in the case of each defendant earlier in the day. Accordingly, at attorney Jacobs' request, the matter of plea was continued as to each of his clients.[5]

(17) After a full hearing on March 27 on the matter of bail, at which Tropiano and Grasso were not only present and represented by counsel but actively participated themselves, the undersigned

4. Transcript of Tropiano Bail Hearing Held March 27, 1968, p. 5.

5. Tropiano Bail Transcript, supra note 4, at 5, 25–28; Transcript of Grasso Bail Hearing Held March 27, 1968, pp. 2–3.

adhered to his prior ruling that bail at $100,000 be fixed for Tropiano and at $25,000 for Grasso. In addition, the undersigned imposed a special condition that each defendant surrender any passport he might have and that no passport be issued to either defendant during the pendency of the action.[6]

(18) Despite the provisions of 18 U.S.C. § 3146(d) and 18 U.S.C. § 3147 for review of bail orders and for appeal to the United States Court of Appeals with respect to bail orders, no review was sought and no appeal was taken by either Tropiano or Grasso with respect to the undersigned's bail orders of March 27.[7]

(19) On the same evening of March 27, and within less than an hour after the undersigned had denied the motions by Tropiano and Grasso to reduce their bail of $100,000 and $25,000, respectively, surety bonds in those amounts were posted for each defendant by Barbara A. Jacobs, a professional bondsman.

(20) In the late afternoon of March 27, during the interval between the overnight recess of a criminal trial then pending before the undersigned and the commencement of the hearing requested by attorney Jacobs on his motions to reduce the Tropiano and Grasso bail, the undersigned requested Chief Assistant United States Attorney Samuel J. Heyman to confer with the undersigned in his chambers regarding the calendar of criminal cases pending at the New Haven seat of the Court. He did. These administrative matters were of critical importance in the proper discharge of the undersigned's duties as Chief Judge—particularly since Judge Zampano was then sitting by designation in the Southern District of New York[8] and his designation had just been extended through May 3; the undersigned had been designated also to sit in the Southern District[9] from April 8 through May 3, thus leaving no judge at the New Haven seat of the Court during that period; and the undersigned had two criminal jury trials under way at the New Haven seat of the Court on March 27,[10] as well as an extensive unfinished calendar of criminal cases. These were the matters, and the only matters, concerning which Mr. Heyman conferred with the undersigned, at the undersigned's request, in chambers on March 27 prior to the Tropiano and Grasso bail hearing. Specifically, the only information brought to the attention of the undersigned regarding Tropiano and Grasso was that disclosed in open Court as reflected by the transcript of the bail hearing[11] which began at 6:20 P.M. and ended at 7:40 P.M. on March 27.

(21) Tropiano and Grasso each pleaded not guilty to counts one, two and four of the indictment before the undersigned on April 3—another date fixed at the express request of, and as an accommodation to, attorney Jacobs,[12] who accompanied Tropiano at the time of his plea on April 3; attorney Grudberg appeared for Grasso at the time of his plea on April 3. On the same day, upon application of attorneys Jacobs and Grudberg, Tropiano and Grasso were granted until May 1 to file all motions and to claim them for hearing on May 6. Nine such motions were filed jointly by Tropiano and Grasso on May 1, all of which have been claimed for hearing before the undersigned on May 6.

6. Tropiano Bail Transcript, supra note 4, at 21–24; Grasso Bail Transcript, supra note 5, at 9–11.

7. Counsel for Tropiano and Grasso, at the conclusion of their bail hearing, expressed the intention of appealing to the United States Court of Appeals with respect to the bail orders, but apparently abandoned that route of appeal. Tropiano Bail Transcript, supra note 4, at 24; Grasso Bail Transcript, supra note 5, at 11–12.

8. Tropiano Bail Transcript, supra note 4, at 26–27.

9. Ibid.

10. Tropiano Bail Transcript, supra note 4, at 24.

11. Tropiano Bail Transcript, supra note 4, at 2–28; Grasso Bail Transcript, supra note 5, at 2–12.

12. Tropiano Bail Transcript, supra note 4, at 25–28.

(22) In the meanwhile, on April 5 attorney Jacobs submitted to the undersigned a motion to extend Tropiano's bail limits to permit him to visit a relative in a hospital in Brooklyn. On the same day, the undersigned entered an order granting this motion, subject to certain conditions, including reporting requirements, limiting the purpose of his travelling and requiring written consent of the surety.

(23) Early in April, this case was placed on the jury calendar for trial before the undersigned at the New Haven seat of the Court beginning June 4. Judge Zampano is disqualified in this case inasmuch as Tropiano was the subject of federal investigation while Judge Zampano was United States Attorney in this District—a fact well known to the attorney for Tropiano who has represented him throughout.

(24) On April 26 the instant motions were filed by Tropiano and Grasso to disqualify the undersigned from proceeding further in the case on the ground of alleged personal bias or prejudice against Tropiano and Grasso.

## CONCLUSIONS OF LAW

(1) The undersigned Chief Judge of the United States District Court for the District of Connecticut has jurisdiction to entertain and to rule upon the instant motions by defendants Devlin, Tropiano and Grasso to disqualify the undersigned from proceeding further in these cases, timely affidavits claiming to allege personal bias or prejudice having been filed by the respective defendants, accompanied by affidavits of asserted good faith by their respective counsel.

(2) Displeasure on the part of a defendant in a criminal case with the ruling of a judge fixing bail or on a motion to reduce bail is insufficient as a matter of law to establish personal bias or prejudice required for disqualification.

(3) The affidavits in support of the instant motions are insufficient as a matter of law to show the personal bias or prejudice required for disqualification under the statute.

(4) Absent legally sufficient affidavits of personal bias or prejudice, the undersigned judge is under a duty not to disqualify himself upon insufficient grounds.

(5) Defendants' motions to disqualify the undersigned judge in the intant cases are denied as utterly frivolous.

## OPINION

Solely for the purposes of the instant motions, pursuant to 28 U.S.C. § 144, the facts alleged in the affidavits in support of the motions to disqualify have been taken as true; the inquiry is confined to their legal sufficiency. Berger v. United States, 255 U.S. 22 (1921); Rosen v. Sugarman, 357 F.2d 794, 797 (2 Cir. 1966).

To be sufficient, an affidavit must show personal bias or prejudice on the part of the judge in the sense of giving "fair support to the charge of a bent of mind that may prevent or impede impartiality". Berger v. United States, supra, at 33–34; Rosen v. Sugarman, supra, at 798. Put another way, an affidavit of prejudice to be sufficient must state with particularity facts which "would fairly convince a sane and reasonable mind that the judge does in fact harbor the personal bias or prejudice contemplated by the statute". United States v. Hanrahan, 248 F.Supp. 471, 475 (D.D.C.1965).

Disqualification is warranted and appropriate only if the alleged bias and prejudice stems from an extrajudicial source and has resulted in the formulation of an opinion on the merits not based upon what the judge has learned by his participation in the proceedings before him. United States v. Grinnell Corp., 384 U.S. 563, 583 (1966).

The affidavits in support of the motions to disqualify in the instant cases show at most that definite views are held by the judge with respect to the necessity of substantial bail to assure the presence of defendants during further proceedings in these cases; and that legal rulings in fixing bail or denying

motions to reduce bail have incurred the displeasure of defendants who have been led to believe such rulings are adverse to them. Such a showing is insufficient as a matter of law for disqualification. United States v. Richmond, 178 F.Supp. 44, 46 (D.Conn.1958) (opinion by J. Joseph Smith, D. J.); United States v. Valenti, 120 F.Supp. 80, 84 (D.N.J. 1954).

■ The remaining allegations in the moving affidavits are so vague, insubstantial and conclusory as to be wholly devoid of probative value; they are patently insufficient to show the requisite personal bias or prejudice. Berger v. United States, supra, at 33; Mirra v. United States, 255 F.Supp. 570, 583 (S.D.N.Y.1966); United States v. Hanrahan, supra, at 475; United States v. Gilboy, 162 F.Supp. 384, 388–89 (M.D.Pa. 1958); cf. United States v. Hoffa, 245 F.Supp. 772, 778 (E.D.Tenn.1965). This applies to the rank conjecture, rumor and gossip between defendants and their counsel regarding the purported purpose of a conference between the Chief Assistant United States Attorney and the judge immediately prior to the Tropiano and Grasso bail hearing. But assuming, again solely for the purposes of the instant motions, that such conference was concerned with the cases of these defendants, such allegations, even if taken as true, are legally insufficient to show personal bias or prejudice on the part of the judge. Willenbring v. United States, 306 F.2d 944, 946 (9 Cir. 1962); United States v. Onan, 190 F.2d 1, 6 (8 Cir. 1951); Scott v. Beams, 122 F.2d 777, 788 (10 Cir. 1941); Craven v. United States, 22 F.2d 605, 607 (1 Cir. 1927), cert. denied, 276 U.S. 627 (1928).

Clearly, a judge has no interest in trying a particular case. Nor in a criminal case does either the government or a defendant have a right or an interest in having a particular judge try a particular case. Upon a proper showing of personal bias or prejudice, a judge should promptly decline to proceed further with the case; and the undersigned judge against whom the instant motions are directed yields to no one in his sensitivity to the duty imposed upon a judge by the statute here invoked. By the same token, however, a judge who disqualifies himself upon a legally insufficient showing, not only imposes an undue burden upon his fellow judges, but he grants to the party seeking his disqualification an improper role in selecting the judge—or in narrowing the number of judges available— to try the case, as well as in selecting the seat of the Court at which the case will be tried. Such considerations, as defendants' counsel here only too well know, are strikingly illustrated in the instant cases in which Judge Zampano is disqualified because of information brought to his attention as United States Attorney concerning defendants—thus leaving as the only available judge at the New Haven seat of the Court the undersigned whom defendants seek to disqualify.

■ The affidavits in support of the instant motions being legally insufficient, disqualification would be improper. A judge is duty-bound not to disqualify himself upon insufficient grounds. Only in this way can the Court safeguard itself from such a frivolous attack as has been here attempted. Rosen v. Sugarman, supra; United States v. Richmond, supra, at 48; In re Union Leader Corp., 292 F.2d 381, 391 (1 Cir.), cert. denied, 368 U.S. 927 (1961); Mirra v. United States, supra, at 583; United States v. Hanrahan, supra, at 475; United States v. Valenti, supra, at 83, and cases cited at n. 2.

## ORDER

Ordered that the motions by each of the above-named defendants, pursuant to 28 U.S.C. § 144, to disqualify the undersigned judge from proceeding further in the above-captioned cases be, and the same hereby are, denied as utterly frivolous.