The **JOHNS HOPKINS UNIVERSITY**

v.

James M. **HUTTON**, **Jr.**, et al.

Civ. No. 15098.

United States District Court,
D. Maryland.

July 7, 1970.

Edmund P. Dandridge, Jr., John Henry Lewin and Venable, Baetjer & Howard, Baltimore, Md., for plaintiff.

John F. King, Baltimore, Md., John A. Wilson, Michael J. DeSantis and Shearman & Sterling, New York City, for defendants.

FRANK A. KAUFMAN, District Judge.

On May 12, 1970, defendants filed a document entitled "Application of Defendants to Disqualify Judge Frank A. Kaufman," requesting:

(1) That the Honorable Frank A. Kaufman disqualify himself, withdraw from acting as Judge in this case and proceed no further in this cause;

(2) That a judge of a district other than the District of Maryland be assigned to hear this action, or in the alternative;

(3) That a judge of the United States District Court for the District of Maryland, having no disqualificaions, including disqualifying social or business relations or friendships with Hopkins or the members of the Hopkins Finance Committee, be assigned to hear this action; and request such other and further relief as may be just and proper.

That document was signed by John A. Wilson, Esq. and Michael J. DeSantis, Esq., of New York, New York, and John F. King, Esq., of Baltimore, Maryland. All are counsel of record for defendants in this case. Submitted with that said document are affidavits of Mr. William E. Hutton, an individual defendant herein and also a senior member of the firm of defendant William E. Hutton & Company, and of Mr. Wilson. Mr. Wilson's affidavit contains, *inter alia,* a certification that Mr. Hutton's affidavit is made in good faith. Mr. Hutton's affidavit is based almost entirely on the affidavit of Mr. Wilson. Mr. Wilson at no point certifies explicitly that his own affidavit is made in good faith.

Mr. King's position is set forth in his letter to this Court dated May 12, 1970:

With respect to the application of defendants to disqualify, you will note that local counsel, pursuant to Rule

11, as with all pleadings, has executed this application.

I wish to state that the affidavit of John A. Wilson, Esq., paragraphs 1 through 12 inclusive, I would consider as "good ground to support" the application, but as to paragraphs 13 through 14 inclusive, I do not consider such allegations as essential or as "good ground to support" the application.

Because counsel from New York was present and anxious to see personally to the filing of this application, I chose to execute it and respectfully request that you accept this letter as a modification upon which my execution of the application is conditioned.

Paragraphs 1–12 inclusive of Mr. Wilson's affidavit review certain of the history to date in this case including, *inter alia:* (1) the fact that it was instituted on November 1, 1963, and was assigned to this member of this Court on February 3, 1967; (2) on August 15, 1968, Hopkins' motion for summary judgment was granted by this Court under the first count of Hopkins' complaint; (3) on February 18, 1970, the Fourth Circuit affirmed in part and reversed in part that grant;[1] and (4) a conference with counsel was held in my chambers on April 27, 1970. In connection with the latter, Mr. Wilson has stated (at p. 8 of his May 11, 1970 affidavit):

\* \* \* At the outset, I suggested that we should have a court reporter. However, Judge Kaufman indicated that the court reporters were extremely busy with criminal matters. He said that he believed a reporter would not be necessary because he did not intend to make any rulings at the conference. Therefore, I did not press my suggestion.

Thereafter, Mr. Wilson summarizes the discussion which he states took place with regard to certain questions raised by this Court, and relates (at pp. 9–10) the following incident:

\* \* \* Whereupon, Judge Kaufman sharply rebuked me for what he characterized as the "tonal qualities" of my voice in reading the above portion of the Fourth Circuit's opinion. This rebuke, in my opinion, was entirely unjustified and is somewhat indicative of Judge Kaufman's attitude towards Hutton and its counsel.

Paragraphs 13 and 14 of Mr. Wilson's May 11, 1970 affidavit relate to the former association of this judge, while he was engaged in the practice of law, with a member of the Hopkins Board of Trustees and to certain social and other relations of a number of persons, including all of the members of this Court, which are stated to require my disqualification. In that latter connection, a copy of a petition and an accompanying affidavit of Mr. Wilson, alleging those and other matters, which Hutton filed herein on July 31, 1969 during the pendency of Hutton's aforesaid appeal to the Fourth Circuit, is included by Mr. Wilson as an attachment to his May 11, 1970 affidavit:

28 U.S.C. § 144 provides as follows:

*Bias or prejudice of judge.* Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case.

---

[1]. 422 F.2d 1124 (4th Cir. 1970), affirming in part and reversing in part this

Court's decision in 297 F.Supp. 1165 (D. Md.1968).

It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

This Court notes Mr. King's disassociation of himself with paragraphs 13 and 14 of Mr. Wilson's May 11 affidavit; the lack of any certificate of good faith by Mr. DeSantis; the lack of any such certificate by Mr. King; the fact that Mr. Wilson's certificate of good faith is limited to his statement that Mr. William Hutton's May 11, 1970 affidavit "is made in good faith" (par. 2(1) of Mr. Wilson's affidavit); and the presence in Mr. Hutton's affidavit only of a conclusory opinion of bias based on "facts and reasons * * * conveyed to me by John A. Wilson * * * [as] set forth in his affidavit and certificate, sworn to May 11, 1970, annexed hereto" (pars. 2 and 3 of Mr. Hutton's May 11, 1970 affidavit). In Morse v. Lewis, 54 F.2d 1027, 1032, (4th Cir.) cert. denied, 286 U.S. 557, 52 S.Ct. 640, 76 L.Ed. 1291 (1932), Judge Soper, speaking of the requirement of certification in a predecessor of 28 U.S.C. § 144, wrote:

> * * * This requirement is not merely technical, but is one of the safeguards provided by the act to insure as far as possible that no affidavit of prejudice will be made except in good faith. It is important that the court, which has no means of protecting itself from unjustified attack, shall at least have the protection afforded by the certificate of a responsible member of the bar. * * *

See also Cranston v. Freeman, 290 F.Supp. 785, 815 (N.D.N.Y.1968). Seemingly, this Court could therefore dismiss the within motion without further comment.

■ Additionally, there may well be a technical question of whether a motion under 28 U.S.C. § 144 can be based upon developments "first disclosed during trial." Knapp v. Kinsey, 235 F.2d 129, 131 (6th Cir.), cert. denied, 352 U.S. 892, 77 S.Ct. 131, 1 L.Ed.2d 86 (1956), cited and quoted from in Lucas v. United States, 325 F.2d 867, 869 (9th Cir. 1963).[2] More importantly, however, all of the facts and opinions set forth in paragraph 13 and following of the Wilson affidavit were recited in Mr. Wilson's July 31, 1969 affidavit, and could have been known by them on or before, and certainly shortly after, February 3, 1967 when this case was assigned to this member of this Court. Thus, those facts and opinions are not timely raised in connection with the pending motion. See In Re United Shoe Machinery Corp., 276 F.2d 77, 79 (1st Cir. 1960); Chafin v. United States, 5 F.2d 592, 595 (4th Cir.), cert. denied, 269 U.S. 552, 46 S.Ct. 18, 70 L.Ed. 407 (1925); Cranston v. Freeman, *supra* 290 F.Supp. at 816.

■■ But even if the issue of timeliness is disregarded, and the within application is considered on its merits alone, the facts, as opposed to the conclusions and opinions set forth in the Wilson and Hutton May 11, 1970 affidavits require rejection of the disqualification motion. See Morse v. Lewis, *supra* 54 F.2d 1032; United States v. Thomas, 299 F.Supp. 494, 499 (E.D.Mo.1968). For purposes of the disqualification motion, and for that purpose only, this Court assumes the existence of all of those facts—as it is required to do by 28 U.S.C. § 144. See Berger v. United States, 255 U.S. 22, 41 S.Ct. 230, 65 L.Ed. 481 (1920); Morse v. Lewis, 54 F.

---

2. This Court also concurs in and adopts the following comment by Judge R. Dorsey Watkins, presently Chief Judge of this Court, in The Firestone Tire & Rubber Company, et al. v. General Tire & Rubber Company, Civil No. 12932 (D. Md., filed November 22, 1963), pp. 2–3:
 Perhaps technically the instant proceedings could be dismissed as not timely filed, since terms of court have been abolished. Public Law 88–139, 77 Stat. 248, 88th Congress, 1st Session, H.R. 2845, October 16, 1963. However, the court would be unwilling to dismiss on this ground unless compelled to do so; and as section 144 of Title 28, United States Code, under which this proceeding purportedly is brought, is not specifically mentioned in the Act, the Court does not feel such compulsion. * * *

2d *supra* at 1031; Chafin v. United States, *supra* 5 F.2d at 594; Cranston v. Freeman, 290 F.Supp. *supra* at 816; United States v. Devlin, 284 F.Supp. 477, 481 (D.Conn.1968); In Re Wingert, 22 F.Supp. 483 (D.Md.1938) (Parker, Circuit Judge). "The court is precluded from refuting the facts alleged regardless of their nature. It cannot pass on their truth, but rather must accept them as fact." United States v. Thomas, 299 F.Supp. *supra* at 498.

The facts affied herein—and accepted for purposes of this motion only as accurate and full—break down into four categories:

(1) This Court's conduct of a chambers conference without a court reporter.

Mr. Wilson himself states (at p. 8 of his May 11, 1970 affidavit) that he did not "press" for the reporter's presence. But even if he had pressed for that conference to be on the record, the determination involved was surely one within this Court's discretion.

(2) This Court's statements concerning the implication of certain parts of the Fourth Circuit's opinion in 422 F.2d 1124 (4th Cir. 1970).

The words of the per curiam opinion of Judges Moore, Friendly and Kaufman in Wolfson v. Palmieri, 396 F.2d 121, 124 (2d Cir. 1968) are pertinent and dispositive:

> Section 144 itself provides that the bias sufficient to disqualify must be "personal." It has been said that " 'Personal' is in contrast with judicial; it characterizes an attitude of extra-judicial origin, derived non coram judice. * * * The statute never contemplated crippling our courts by disqualifying a judge, solely on the basis of a bias (or state of mind, * * *) against wrongdoers, civil or criminal, acquired from evidence presented in the course of judicial proceedings before him." Craven v. United States, 22 F.2d 605, 607–608 (1st Cir. 1927), cert. denied, 276 U.S.

627, 48 S.Ct. 321, 72 L.Ed. 739 (1927). The Supreme Court has stated that: "The alleged bias and prejudice to be disqualifying must stem from an extra-judicial source and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case." United States v. Grinnell Corp., 384 U.S. 563, 583, 86 S.Ct. 1698, 16 L.Ed. 2d 778 (1966). [Footnote omitted].

See also United States v. Thomas, *supra* 299 F.Supp. at 499; Cranston v. Freeman, 290 F.Supp. *supra* at 816; United States v. Devlin, 284 F.Supp. *supra* at 481.

(3) This Court's having "rebuked" Mr. Wilson, and Mr. Wilson's stated opinion that the "rebuke" was "entirely unjustified."

Accepting the fact of the rebuke and the relevancy herein of Mr. Wilson's expressed opinion, that fact and that opinion do not set forth "facts [which] would fairly convince a sane and reasonable mind that the judge does in fact harbor the personal bias or prejudice contemplated by the statute * * *. The factual allegations must establish by more than a prima facie case, but not beyond a reasonable doubt, * * * that the mind of the judge is closed to justice * * *; that the judge has a personal bias or prejudice against the affiant which is of such a nature, and of such intensity, that it would render the judge unable to give the affiant the fair trial to which every litigant is entitled. * * *" United States v. Hanrahan, 248 F.Supp. 471, 475–476 (D.D.C. 1965). Even the most sensitive of lawyers would hardly contend that any expression of displeasure by a trial judge concerning that attorney's relations with the Court would permit that attorney, in the midst of a case, to require the judge to disqualify himself under 28 U.S.C. § 144 or otherwise.

(4) The membership of a former partner of this judge on the Hopkins Board of Trustees.

It suffices to state that that fact connotes, in and of itself, no personal bias of this judge.

There are of course instances in which a consideration of a chain of events, rather than separate analyses of that chain's individual links, will require a different result than that suggested by each of the separate links. But, in this instance, the facts, taken as a whole, fail to meet the standards expressed by the Supreme Court, the Fourth Circuit and other federal courts in the cases cited in this opinion or in any other case brought to this Court's attention.[3] "[A] judge is under a duty to remain in a particular matter and this duty is equally as strong as his duty under * * * [28 U.S.C. § 144] to recuse himself. In Re Union Leader Corp., 292 F.2d 381 (1st Cir. 1961)." Euge v. Trantina, 298 F.Supp. 876 (E.D.Mo. 1969). To the same effect, see Cranston v. Freeman, 290 F.Supp. *supra* at 816, and United States v. Devlin, 284 F. Supp. *supra* at 482. In *Devlin,* Chief Judge Timbers wrote:

> * * * Upon a proper showing of personal bias or prejudice, a judge should promptly decline to proceed further with the case; and the undersigned judge against whom the instant motions are directed yields to no one in his sensitivity to the duty imposed upon a judge by the statute here invoked. By the same token, however, a judge who disqualifies himself upon a legally insufficient showing, not only imposes an undue burden upon his fellow judges, but he grants to the party seeking his disqualification an improper role in selecting the judge—

or in narrowing the number of judges available—to try the case, * * *.
The "burden" factor is of course present in this case, to which this member of this Court has already devoted so much time.

Nevertheless, if I had any question in my mind as to my ability to continue to sit in this case with complete and full impartiality and lack of bias, I would promptly exercise my discretion to recuse myself even though "a legally sufficient affidavit of bias and prejudice" has not been presented herein. *See* Wolfson v. Palmieri, *supra* 396 F.2d at 125. But I have no such doubt. I note Mr. Wilson's opinion (at p. 10 of his May 11, 1970 affidavit):

> * * * I am convinced: that Judge Kaufman is powerfully motivated by a desire to prove correct his grant of a $1,500,000 summary judgment to Hopkins; and that this prior decision will dominate and control any subsequent trial before him.

This in no way alters my determination not to exercise my discretion to recuse myself, as I reject wholly and completely Mr. Wilson's said stated conclusory opinion. That is not to say that I may not commit error in the handling of this case. But if I should, then "the remedy can not be by a change of judges during the trial; it necessarily becomes a matter of alleged prejudicial error and for correction by the Court of Appeals." Knapp v. Kinsey, 235 F.2d *supra* at 131, cited and quoted from in Lucas v. United States, 325 F.2d *supra* at 869.

The motion to disqualify is hereby denied.*

---

3. On May 12, 1970, plaintiff filed a legal memorandum in opposition to defendants' application under 28 U.S.C. § 144. At no time have defendants supported that application with any legal memorandum. Nor has either party requested oral argument within the applicable period provided by the local rules of this Court.

* Hutton's application for a writ of mandamus or prohibition requiring Judge Kaufman to disqualify himself and withdraw from acting as a judge in this case was denied by Order of the United States Court of Appeals for the Fourth Circuit on July 28, 1970.