## Tremont Twp. v. Schuylkill Co. Tax Claim Bureau

*Lanny G. Felty,* for plaintiffs Tremont Twp. and Reilly Twp.

*Richard A. Adams,* for plaintiff Pine Grove Area School Dist.

*Edward E. Kopko,* for plaintiff Minersville Area School Dist.

*Joseph H. Jones, Jr.,* for defendant Schuylkill Tax Claim Bureau.

*Richard L. Caplan,* for defendant Spruce Creek.

McCLOSKEY, *J.,* August 27, 1984—Plaintiffs are municipalities that challenge the propriety of a sale by defendant Schuylkill County Tax Claim Bureau to defendant Spruce Creek· Energy Company (Spruce Creek). Spruce·Creek has filed a petition for change of venue or for recusal of all the judges of the Court of Common Pleas of Schuylkill County. The pleadings are closed, the parties have filed memoranda by their respective counsel, and argument has been heard by the court siting en banc.

Spruce Creek contends in this nonjury case in Paragraph 16 of its petition:

". . . Spruce Creek believes that no judge of this county is capable of rendering a decision which will appear to the public and to the litigants, in light of the unequivocal referendum result, as evenhanded and independent."

It appears to be the contention of Spruce Creek that electoral popularity is controlling in judicial decisions. With this we cannot agree. Most historians opine that it is the ability of the courts in this country to follow the law and render a decision in accordance therewith without regard to the then-popular

consensus that separates our judicial system from other countries.

The Code of Judicial Conduct which is the standard for guiding the ethics of judges in our great Commonwealth provides at Canon 3A:

"Adjudicative Responsibilities

"(1) A judge should be faithful to the law and maintain professional competence in it. He should be unswayed by partisan interests, *public clamor,* or *fear of criticism.*" (Emphasis supplied.)

For this court to recuse itself because an issue before it is of some prominence in the community would be tantamount to an admission that we are incapable of acting in the manner which judges are sworn to act.

Canon 3C provides the guides by which a judge should decide on recusal. It provides as follows:

"(1) A judge should disqualify himself in a proceeding in which his *impartiality* might reasonably be questioned, including but not limited to instances where:

"(a) he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;

"(b) he served as lawyer in the matter in controversy, or a lawyer with whom he previously practiced law served during such association as a lawyer concerning the matter, or the judge or such lawyer has been a material witness concerning it;

"(c) he knows that he, individually or as a fiduciary, or his spouse or minor child residing in his household, has a substantial financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding;

"(d) he or his spouse, or a person within the third degree of relationship to either of them, or the spouse of such a person:

"(i) is a party to the proceeding, or an officer, director, or trustee of a party;

"(ii) is acting as a lawyer in the proceeding;

"(iii) is known by the judge to have an interest that could be substantially affected by the outcome of the proceeding;

"(iv) is to the judge's knowledge likely to be a material witness in the proceeding. . . ." (Emphasis supplied.)

A cursory glance at this canon indicates that for it to be triggered, there must be an indication of personal bias, prejudice, knowledge, legal association, financial interest, or family relationship with one of the parties, lawyers or material witnesses. In the instant case all parties admit there exists no prohibited relationship or bias.

The legal precedents counsel for corporate defendant cites all arise out of controversies in which the judges themselves, their families, judicial colleagues or former legal colleagues had an interest in or contact with one or more of the litigants or their counsel. It is admitted by Spruce Creek that no member of this court has any interest, direct or indirect, in the instant sale.

But even if we accept, arguendo, this contention, it does not lead to the irrebuttable conclusion that Spruce Creek will receive an unfavorable ruling. The issue presented by plaintiffs is not the propriety of Spruce Creek's proposed use of the land, but the propriety of the sale. Moreover, should Spruce Creek receive a favorable ruling in the instant dispute, plaintiffs and any other interested party are still free to challenge the propriety of Spruce

Creek's proposed use before the appropriate tribunal.

In his artful argument, counsel for corporate defendant paints the portrait of a two-headed chimera; a judiciary which fears the vengeful malice of disappointed litigants and a know-nothing electorate in a retention election. It would be dishonorable for this or any other court to take flight from this monster of fantasy. If issues of controversy and public passion cannot be decided in the courts, where are they to be decided?

It is not uncommon in our judicial system for judges to rule on issues which have raised a public clamor. Each time a judge suppresses evidence which may cause a defendant in a criminal proceeding to go free, he faces criticism. But in that issue he is not deciding the guilt or the innocence of the accused but a constitutional question of substance or procedure. Such is the instant dispute. Moreover, since demands for recusal can be used as an indirect means of attempting to choose the judge who will sit, United States v. Devlin, 284 F.Supp. 477, 482 (1968), there is ". . . as much obligation upon a judge not to recuse himself when there is no occasion as there is for him to do so when there is." Wapnick v. United States, 311 F.Supp, 183, 184 (E.D., N.Y. 1969); Rosen v. Sugarman, 357 F.2d 794, 797 (2d Cir. 1966).

Here the issue is the propriety of the sale of county land, not the burning of anthracite coal under ground. Whether or not the burning of anthracite coal under ground will survive environmental assaults, zoning disputes, legislative assaults or other challenges is not an issue before this tribunal.

To grant defendants' request would be an admission by this court that no one can receive a fair or impartial hearing and decision because this court is

subject to outside influences. The court is confident that it can and will live up to the Canons of the Code of Judicial Conduct and decide this controversy solely on the facts and the law before it.

President Judge Heffner, and Judges Lavelle, Dolbin and Rubright join this opinion.

## ORDER OF COURT

And now, this August 27, 1984 upon consideration of the pleadings and memoranda of counsel and after argument before the Court sitting en banc, it is hereby ordered that the petition by Spruce Creek Energy Company for change of venue or for recusal of the judges of the Schuylkill County Court of Common Pleas is dismissed.

*Editor's Note:* The order in this case was affirmed by the Commonwealth Court on November 19, 1986, on the basis of the above opinion.