299 F.Supp. 494 (1968)
UNITED STATES of America, Plaintiff,
v.
Joseph Major THOMAS, Defendant.
No. 68 Cr. 224(1).
United States District Court E. D. Missouri, E. D.
November 8, 1968.
*495 *496 Veryl L. Riddle, U. S. Atty., St. Louis, Mo., Jim J. Shoemake and Dennis C. Donnelly, Asst. U. S. Attys., for plaintiff.
Forris D. Elliott and Murry A. Marks, Elliott & Marks, St. Louis, Mo., for defendant.

MEMORANDUM OPINION AND ORDER
HARPER, Chief Judge.
This matter is presently pending before this court on three motions made by the defendant; one, a motion to transfer, two, a motion to suppress certain evidence, and three, a motion for a bill of particulars.
On September 25, 1968, the defendant, Joseph Major Thomas, was indicted by a grand jury for a violation of 26 U.S.C.A. § 5851. On October 11, 1968, he was properly arraigned before the Honorable John K. Regan, District Judge, and entered his plea of not guilty. On October 15, 1968, defendant filed a motion to transfer, said motion being made pursuant to Rule 21 of the Federal Rules of Criminal Procedure.
Rule 21 reads as follows:
"(a) For Prejudice in the District. The court upon motion of the defendant shall transfer the proceeding as to him to another district whether or not such district is specified in the defendant's motion if the court is satisfied that there exists in the district where the prosecution is pending so great a prejudice against the defendant that he cannot obtain a fair and impartial trial at any place fixed by law for holding court in that district.
"(b) Transfer in Other Cases. For the convenience of parties and witnesses, *497 and in the interest of justice, the court upon motion of the defendant may transfer the proceeding as to him or any one or more of the counts thereof to another district."
Even a hurried reading of these two subsections of Rule 21 reveal that this particular rule is entirely unrelated to the situation in which the defendant fears that he cannot receive a fair trial by reason of the alleged bias or prejudice of the presiding judge. This rule (21) patently exists to provide the criminal defendant with relief from a situation, usually the result of deplorable pretrial publicity, in which conditions are such that he cannot receive a fair trial by reason of jury prejudice (actual or potential) in the district or where it would be more convenient and just to try the defendant elsewhere. The court invites counsel's attention to the treatment of this Rule 21 in Moore, Federal Practice, Chapter 21, Vol. 8 (2nd Ed.) and in Barron and Holtzoff, Vol. 4, page 149 et seq. Further, a review of the cases generally decided under this rule has produced no case in which this rule has been utilized to attack the competence of a particular judge to hear a given case. The defendant's attempted usage of Rule 21 is entirely misplaced. Defendant's motion in this instant matter is based upon allegations of bias and prejudice of this judge. Such allegations do not come within the scope of Rule 21.
However, the defendant is not without a remedy. 28 U.S.C.A. § 144 provides the specific means whereby the defendant may assert the alleged personal bias or prejudice of a judge as a cause for his recuse. This section reads:
"Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.
"The affidavit shall state the facts and reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith."
It is clear from the record that the defendant's first "motion to transfer" filed on October 15, 1968, was in fact a motion which should have properly been made under this Section 144. That motion, as in this instant situation, alleged the personal bias and prejudice of the judge then presiding. It is amply apparent that the Honorable Judge Regan treated that motion as a proper request under Section 144. That he had examined his own conscience and decided that he could not perhaps grant the defendant a fair trial and, therefore, withdrew is in the finest traditions of this judicial system. On October 21, 1968, Judge Regan sustained defendant's motion and transferred the cause to this court. (It might be noted that since the terminology employed uses the word "transfer" one might be led to suspect that a Rule 21 motion which also uses that word is the proper motion in such a situation. It is not.) On October 29, 1968, shortly after this court had ruled on a motion for preliminary injunction in a matter entitled Koen, et al. v. Long, et al. No. 68C 429(1), defendant filed this instant motion.
As previously noted, this court must overrule this motion if it is continued to be made "pursuant to Rule 21 * * *". However, in the interests of justice, such motion will be examined as if it were made pursuant to 28 U.S.C.A. § 144.
It is perfectly obvious that the existence of a completely fair and impartial tribunal is the most basic requirement of due process. Without that, our judicial system would be a farce. *498 As stated, "[D]emocracy must, indeed, fail unless our courts try cases fairly, and there can be no fair trial before a judge lacking in impartiality and disinterestedness." In re J. P. Linahan, 138 F.2d 650, 651 (2nd Cir. 1943). See, e. g., In re Murchison, 349 U.S. 133, 75 S. Ct. 623, 99 L.Ed. 942 (1955). But the impartiality required is not a strict neutrality. It is, of course, impossible for our judges to come into their court rooms devoid of their own personal experiences, beliefs and backgrounds. In re Linahan, supra; Ex parte N. K. Fairbank Co., 194 F. 978, 989 (D.C.Ala. 1912); In re Union Leader Corp., 292 F.2d 381, 388 (1st Cir. 1961). "For example, prior judicial views will not disqualify." In re Union Leader Corp., supra, at 388; Denis v. Perfect Parts, Inc., 142 F.Supp. 259 (D.C.D.Mass.1956).
As noted, "[T]he statute never contemplated crippling our courts by disqualifying a judge, solely on the basis of a bias (or state of mind, Berger v. United States, 255 U.S. 22, 42, 41 S.Ct. 230, 65 L.Ed. 481) against wrongdoers, civil or criminal, acquired from evidence presented in the course of judicial proceedings before him. Any other construction would make the statute an intolerable obstruction to the efficient conduct of judicial proceedings, now none too speedy or effective." Craven v. United States, 22 F.2d 605, 608 (1st Cir. 1927). Thus, what the statute is designed to remedy is the situation in which the judge in question is alleged to have a bias or prejudice against this defendant of such a nature that it would prevent that judge from presiding in a fair and impartial manner It would seem that in a trial before a jury, such allegations must be particularly serious to warrant a judge withdrawing.
It has been repeatedly stated by many authorities that the judge involved has a duty to remain as judge in a particular instance and that this duty is equally as strong in his duty under this statute to recuse himself. In re Union Leader Corp., supra, 292 F.2d at 391; Simmons v. United States, 302 F.2d 71 (3rd Cir. 1962); In re Federal Facilities Realty Trust Co., 140 F.Supp. 522, 524 (N.D. Ill.1956).
Clearly the mere fact that an affidavit of prejudice has been filed by the defendant does not automatically require a judge to disqualify himself. United States v. Hanrahan, 248 F.Supp. 471, 475 (D.C.D.C.1965); United States v. Gilboy, 162 F.Supp. 384, 388 (M.D. Pa.1958). The judge attacked by the affidavit must, however, initially determine the legal sufficiency of the affidavit and the facts that are stated therein. See, e. g. United States v. Hanrahan, supra; Green v. Murphy, 259 F. 2d 591, 593 (3rd Cir.1958). In essence it must be said that the statute here provides the defendant with the means whereby he can insure that his trial is free from any personal bias or prejudice, subject only to his ability to allege facts to support his claim and his attorney's duty to certify good faith in the filing of the affidavit. Mitchell v. United States, 126 F.2d 550, 552 (10th Cir.), cert. denied, 316 U.S. 702, 62 S.Ct. 1307, 86 L.Ed. 1771 (1942). The defendant and his attorney's sense of ethics are the sole limits provided by this section. The court is precluded from refuting the facts alleged regardless of their nature. It cannot pass on their truth, but rather must accept them as fact. Hence review is limited to sufficiency and compliance with the statute. Berger v. United States, 255 U.S. 22, 41 S.Ct. 230, 65 L. Ed. 481 (1921); Ex parte American Steel Barrel Co., 230 U.S. 35, 33 S.Ct. 1007, 57 L.Ed. 1379 (1913); Korer v. Hoffman, 212 F.2d 211, 45 A.L.R.2d 930 (7th Cir. 1954); United States v. Parker, 23 F.Supp. 880 (D.N.J. 1938), aff'd 103 F.2d 857 (3 Cir.); Johnson v. United States, 35 F.2d 355, 357 (D.C.Wash. 1929).
At the onset of the inquiry the judge is presumed to be qualified to hear the case, and there is a substantial burden upon the defendant to demonstrate that such is not the case. In re Union Leader Corp., supra, 292 F.2d, at 389. As stated in Ex parte American *499 Steel Barrel Co., supra, 230 U.S., at 43, 33 S.Ct., at 1010: "[T]he basis of disqualification is that `personal bias or prejudice' exists, by reason of which the judge is unable to impartially exercise his function in the particular case." The burden upon the affiant to provide this basis is threefold. First, the affidavit must state facts with sufficient particularity. Only the facts contained therein are relevant, not conclusions. E. g., Inland Freight Lines v. United States, 202 F.2d 169 (10th Cir. 1953). Second, the facts must be such as to convince a reasonable man that a bias or prejudice exists. United States v. Hoffa, 245 F.Supp. 772 (E.D.Tenn. 1965); Berger v. United States, supra, 255 U.S., at 33-34, 41 S.Ct. 230. Third, "[I]n addition to establishing that a prejudice or bias harbored by a judge is of such a nature that it has, or may have, closed his mind to justice, the factual allegations must also show that this bias is personal, as opposed to judicial in nature." United States v. Hanrahan, supra, 248 F.Supp., at 476; Gallarellie v. United States, 260 F.2d 259 (1st Cir. 1958); United States v. Gilboy, supra, 162 F.Supp., at 394. (In ascertaining whether or not this burden has been met by the affiant, the law clearly has developed so that the statutory requirements are to be strictly followed. E. g., Scott v. Beams, 122 F.2d 777, 778 (10th Cir. 1941).) That the bias demonstrated must be personal is of the greatest significance. Craven v. United States, supra, 22 F.2d, at 607; In re Union Leader Corp., supra, 292 F.2d, at 388. The bias or prejudice complained of must relate to this individual as such. See United States v. Hanrahan, supra; In re Federal Facilities Realty Trust Co., supra, 140 F.Supp., at 526. Judicial "bias" is not sufficient. It would be less than natural if certain attitudes were not developed over the years one spends on the bench. It would indeed be strange if "a judge became less qualified the greater his judicial experience."
Having outlined in a general way the applicable law, a view at the motion is appropriate. The circumstances presented are these. In October this court was called upon to rule on a motion for a preliminary injunction against certain officials and police officers in the City of St. Louis. The action there is denominated as a class action and one of the named plaintiffs is the leader of a militant Negro organization named the Black Liberators. After having heard the evidence then presented, the court on the basis of that evidence ruled on the motion. Counsel for the defendant herein stated that the defendant was a member or otherwise associated with that group and further related that the defendant had been ejected from the court room during those proceedings. (The latter is not made part of the motion or affidavit.) If defendant were ejected from this court (and there is certainly no evidence that he ever was), since there were no disturbances on the day in question, such ejection, if any, would have been for violation of this court's rule that males wear coats in the court room, a rule about which all had been warned and informed on a preceding day.
As to the matter then before the court, Koen, et al. v. Long, et al., any comments made by the court in its ruling were, of course, based upon the evidence therein presented. They have no relevance to this case which prima facie appears to be entirely unrelated to the incidents which were in fact the subject matter of that other lawsuit. Looking at the motion, the first paragraph states that the affiant does not believe that he can get a fair trial. This is, of course, a bare conclusion, not a fact nor a reason, and is therefore clearly legally insufficient. The second paragraph relates to the Koen matter heretofore noticed. While this paragraph is deficient as it fails to state facts, more important it is deficient in that it fails to demonstrate any personal bias or prejudice relating to this defendant as an individual on trial. Opinions and conclusions drawn from evidence presented in a judicial proceeding do not disqualify a *500 judge. Under the tests outlined above, the second paragraph is legally insufficient. The third paragraph is a bald conclusion, not supported by any facts and, therefore, is likewise legally insufficient. Thus, the affidavit itself totally fails to demonstrate any bias and/or prejudice personal to this defendant.
But this is not the sole reason for the rejection of this motion. This affidavit is the second one filed in this case, the first having been filed before the Honorable John K. Regan. As noted in Martin v. Texas Indemnity Ins. Co., 214 F.Supp. 477, 480 (N.D.Tex. 1962): "28 U.S.C.A. § 144 imposes a bag limit of one judge for a party to disqualify by the character of motion under consideration here." See also, United States v. Buck, 23 F.Supp. 508 (W.D.Mo.1938); United States v. Hoffa, supra; In re Union Leader Corp., supra. And for an additional reason, this motion totally lacks the certificate of good faith by the counsel of record as required by the plain language of Section 144. This omission alone is a sufficient reason for denying the motion. United States v. Hanrahan, supra.
For the reasons heretofore outlined the defendant's motion to transfer will be overruled.
The second matter before the court is the defendant's motion to suppress certain evidence alleged to have been seized after an unlawful arrest of defendant in violation of his constitutional rights. The evidence in question apparently is a sawed-off .22 caliber rifle. A hearing was held on this motion and certain evidence adduced. The defendant himself testified that the police stopped the 1961 Cadillac in which he was riding without reason; forced him to get out of the car; searched the car and found the weapon; and then arrested him without a warrant. Another of defendant's witnesses, Bailey, testified that the gun was on the seat of the car between himself and the driver and that the police saw the gun on the seat before they were taken out of the car. Without regard to the problems of standing to object to this evidence by reason of claims that it did not belong to him, this court finds that the credible evidence presented was that of Donald Harris, a policeman who made the arrest. Officer Harris testified that he saw the defendant get out of the 1961 Cadillac with what he then thought was a sawed-off shotgun in plain view. The defendant had the gun in his right hand. The officer then got out of the police car and proceeded to arrest the defendant and seize the weapon, which turned out to be a sawed-off .22 caliber rifle. Such testimony, being the only credible evidence presented, clearly reveals that the seizure of the weapon was incidental to a perfectly valid arrest. Therefore, the motion to suppress this evidence will be overruled.
The third matter here before the court is a motion for a bill of particulars. The defendant attacks the indictment on the basis that it is not sufficiently particular, and that the facts are not sufficiently set forth in the indictment to protect the defendant from the danger of double jeopardy.
The indictment returned in this case charges the defendant with a violation of 26 U.S.C.A. § 5851, in that he had in his possession a certain firearm "which firearm had been manufactured in violation of and without complying with the provisions of Section 5821, Title 26, United States Code." This indictment clearly charges an offense or offenses under the laws of the United States. However, the court is of the opinion that it does not state the offense with sufficient particularity under the Federal Rules of Criminal Procedure, Rule 7(c). See Wright v. United States, 243 F.2d 546, 547 (6th Cir. 1957). As there noted, 26 U.S.C.A. § 5821 contains several paragraphs, each of which can be said to constitute a separate offense. The defendant, therefore, is entitled to know what particular section and subsection of Section 5821 he is charged with violating, and the facts constituting such violation should be stated in detail.
*501 Therefore, the defendant's motion for a bill of particulars will be sustained insofar as it requests the specific time and place of violation and the manner in which the firearm alleged to be possessed by the defendant was manufactured in violation of 26 U.S.C.A. § 5821. In all other respects said motion will be overruled. Plaintiff will be given five days within which to file a bill of particulars in this matter.