**Harvey F. EUGE, Plaintiff,**

v.

**William TRANTINA et al., Defendants.**

**No. 68 C 478(1).**

United States District Court
E. D. Missouri, E. D.

Jan. 29, 1969.

---

## MEMORANDUM OPINION AND ORDER

HARPER, Chief Judge.

This matter is now before the court on the "Plaintiff's verified application for change of venue and disqualification of presiding judge in the cause." Plaintiff herein is proceeding *pro se*. In view of the fact that plaintiff is untrained in the law, the court will consider this motion as one made under 28 U.S.C.A. § 144 (Bias or Prejudice of Judge). That section is the sole and authoritative means by which a judge can be removed. Its terms must be complied with exactly because a judge is under a duty to remain as judge in a particular matter and this duty is equally as strong as his duty under this section of the statutes to recuse himself. In re Union Leader Corp., 292 F.2d 381 (1st Cir. 1961).

28 U.S.C.A. § 144 is concerned with facts and reasons which demonstrate the personal bias of the judge against the complaining party. Giving plaintiff herein the benefit of every doubt, this court cannot say that plaintiff has complied with the requirements of the statute. The applicable law has been stated by this court quite extensively in United States v. Joseph Major Thomas, 299 F.Supp. 494, 1968. A further rather complete summary of the law can be found in United States v. Hanrahan, D.C., 248 F.Supp. 471. The court will not reiterate that law. It is more than sufficient to say that when the "application" is measured by the applicable standards, it is insufficient to require disqualification.

Accordingly, the plaintiff's motion is overruled in all particulars.