**Floyd DEAL, Plaintiff,**

v.

**John W. WARNER, Secretary of the Navy, et al., Defendants.**

**Civ. A. No. 73 CV 525-W-3.**

United States District Court,
W. D. Missouri, W. D.

Oct. 31, 1973.

Gary Eldredge, Kansas City, Mo., for plaintiff.

Vernon A. Poschel, Patrick E. Eldridge, Asst. U. S. Attys., for Western District of Missouri, for defendants.

---

### ORDER DENYING PLAINTIFF'S MOTION FOR DISQUALIFICATION OF JUDGE

WILLIAM H. BECKER, Chief Judge.

On the 19th day of October, 1973, plaintiff filed herein his timely affidavit and accompanying certificate of counsel of record, requesting disqualification of the undersigned Judge pursuant to Section 144, Title 28, United States Code. In his affidavit, the plaintiff states as follows:

"1. I am the Plaintiff in the above-styled civil action. I submit this affidavit to request disqualification of the judge assigned to this case pursuant to Section 144, Title 28 of the United States Code.

"2. With all due respect to the Court, it is my firm belief, and I respectfully submit that the Honorable William H. Becker, Chief United States District Judge (the judge to whom my case has been assigned), has a bias and prejudice in favor of the defendants in this case, so strong, as to effect his objectivity in assessing the claims made in my Complaint and to warrant his disqualification from considering the matter. In the interests of justice, I respectfully urge the Judge Becker dis-qualify (sic) himself from further participation in the captioned matter.

"3. In support of my belief regarding the bias and lack of objectivity of the judge, I refer to his decisions in

cases involving suspension of high school students because of the length of their hair, before the Court of Appeals' decision in Bishop v. Colaw, 450 F.2d 1069 (8th Cir. 1971), wherein he expressed a belief that cases involving hair length should not be within the province of the federal courts. Moreover, upon information and belief, Judge Becker is a retired naval officer with deep (and certainly proper) feeling of loyalty to his service and its long-established practices. The defendants are, of course, naval officers and the civilian head of the Navy. At issue is the constitutionality of the Navy's traditional hair length regulations for reservists. No person can say with absolute certidtude (sic) what is on the mind of another. However, insofar as one can do so (in view of the above facts) I can and do assert that Judge Becker possesses a partiality toward the defendants in the present case which makes an objective assessment of the points raised in my complaint impossible.

"WHEREFORE, it is respectfully urged (a) that Judge Becker excuse and disqualify himself from participating in the judicial determination of this case; (b) that another judge be assigned to hear the case, pursuant to 28 U.S.C. § 144."

■■ The statute under which the plaintiff herein relies was designed to remedy the situation wherein a federal judge is alleged to have a bias or prejudice against a party of such a nature that it would prevent that judge from presiding in a fair and impartial manner. United States v. Thomas, 299 F. Supp. 494 (E.D.Mo. 1968). Pursuant to the statutory directive of Section 144, a judge has an unavoidable duty to recuse himself when facts are properly verified by affidavit supporting a claim of legally cognizable bias or prejudice. On the other hand, a judge has an equally unavoidable duty not to refuse to recuse himself when the facts verified by affidavit do not support an allegation of legally cognizable bias or prejudice. Unit-

ed States v. Diorio, 451 F.2d 21 (2nd Cir. 1971), cert. denied, 405 U.S. 955, 92 S.Ct. 1173, 31 L.Ed.2d 232 (1972); United States v. Anderson, 433 F.2d 856 (8th Cir. 1970); Action Realty Co. v. Will, 427 F.2d 843 (7th Cir. 1970); United States v. Thomas, supra; Euge v. Trantina, 298 F.Supp. 876 (E.D.Mo. 1969).

■ The fact that a verified certified motion to disqualify has been filed does not automatically require a judge to disqualify himself. United States v. Hanrahan, 248 F.Supp. 471, 475 (D.C. D.C. 1965); United States v. Gilboy, 162 F.Supp. 384, 388 (M.D.Pa. 1958). Rather, the particular judge who is the object of the verified certified motion must determine the factual and legal sufficiency of the motion and ascertain whether the alleged facts presented therein give "fair support" to the charge of bias and prejudice. Berger v. United States, 255 U.S. 22, 41 S.Ct. 230, 65 L.Ed. 481 (1921); Morrison v. United States, 432 F.2d 1227 (5th Cir. 1970), cert. denied, 401 U.S. 945, 91 S. Ct. 959, 28 L.Ed.2d 227 (1971); United States v. Hanrahan, supra; Green v. Murphy, 259 F.2d 591 (3rd Cir. 1958). See also, Note, Disqualification of Judge for Bias in the Federal Court, 79 Harv. L.Rev. 1435, 1437 (1966). In essence, it must be said that the statute here provides the means whereby a party to an action " . . . can insure that his trial is free from any personal bias or prejudice, subject only to his ability to allege facts to support his claim and his attorney's duty to certify good faith in the filing of the affidavit. Mitchell v. United States, 126 F.2d 550, 552 (10th Cir.), cert. denied, 316 U.S. 702, 62 S.Ct. 1307, 86 L.Ed. 1771 (1942)." United States v. Thomas, supra, 299 F.Supp. at 498.

■ A judge is precluded from refuting the alleged facts presented, regardless of their nature. The judge must accept as true every verified allegation of fact as a predicate for the affiant's belief. Berger v. United States, supra, 255 U.S. at 36, 41 S.Ct. 230; Morrison

v. United States, *supra;* Ex parte American Steel Barrel Co., 230 U.S. 35, 33 S.Ct. 1007, 57 L.Ed. 1379 (1913); Korer v. Hoffman, 212 F.2d 211, 45 A. L.R.2d 930 (7th Cir. 1954); Peacock Records, Inc. v. Checker Records, Inc., 430 F.2d 85 (7th Cir. 1970), cert. denied, 401 U.S. 975, 91 S.Ct. 1193, 28 L.Ed.2d 324 (1971). Statements of fact set forth in the affidavit as the basis for belief that a judge is biased or prejudiced must be accepted as true by the judge even though the judge may know that such statements of fact are false. Hodgson v. Liquor Salesmen's Union Local No. 2 of State of New York, 444 F.2d 1344 (2nd Cir. 1971).

Further, a judge is presumed to be qualified to preside over a particular cause, and there is a substantial burden upon the affiant to establish that such is not the case. In re Union Leader Corp., 292 F.2d 381, 389 (1st Cir. 1961); United States v. Thomas, *supra,* 299 F.Supp. at 498. The burden upon the affiant to provide the basis for disqualification is threefold.

First, the affidavit must set forth *facts* with sufficient specificity. Town of East Haven v. Eastern Airlines, Inc., 293 F.Supp. 184 (D.C.Conn. 1968); United States v. Thomas, *supra,* 299 F.Supp. at 499; 79 Harv.L.Rev. 1435, 1441–1442 (1966). Only the facts presented in the affidavit are relevant, not mere conclusory allegations. Hodgson v. Liquor Salesmen's Union Local No. 2 of the State of New York, *supra;* Action Realty Co. v. Will, *supra;* Inland Freight Lines v. United States, 202 F.2d 169 (10th Cir. 1953); United States v. Thomas, *supra.*

Second, the facts presented must give "fair support" to the allegation of bias or prejudice, so as to convince a reasonable man. Berger v. United States, *supra,* 255 U.S. at 33–34, 41 S.Ct.

230; 79 Harv.L.Rev. 1435, 1445–1447 (1966).

Third, the factual allegations must be shown to be *personal* in nature, as opposed to judicial. In this sense "personal" refers to an attitude or disposition which is extrajudicial in origin. Wolfson v. Palmieri, 396 F.2d 121 (2nd Cir. 1968); United States v. Beneke, 449 F.2d 1259 (8th Cir. 1971); Gallarelli, v. United States, 260 F.2d 259 (1st Cir. 1958); United States v. Garrison, 340 F.Supp. 952 (E.D.La. 1972); United States v. Thomas, *supra.* Thus, prior adverse judicial determinations involving the particular affiant or the same issue in question are insufficient as a basis for disqualification. *E. g.,* Ex parte American Steel Barrel Co., *supra,* 230 U.S. at 43–44, 33 S.Ct. 1007; Palmer v. United States, 249 F.2d 8 (10th Cir. 1957), cert. denied, 356 U.S. 914, 78 S.Ct. 673, 2 L.Ed.2d 587 (1958); Hodgson v. Liquor Salesmen's Union Local No. 2 of State of New York, *supra;* 79 Harv.L.Rev. 1435, 1447 (1966). Indeed, it would be most strange if ". . . a judge became less qualified the greater his . . . experience." United States v. Thomas, *supra,* 299 F. Supp. at 499; *see also* In re J. P. Linahan, Inc., 138 F.2d 650, 654 (2nd Cir. 1943).

Having set forth the above general outline of the applicable law, a review of the plaintiff's present motion under Section 144, Title 28, United States Code, is appropriate.

Procedurally, the motion is proper in form and timeliness. The affidavit states verified allegations of fact in support of the charge of bias and prejudice. The affidavit is certified by counsel of record. And, it was timely filed within the strict time requirements [1] of Section 144, *supra.*

---

1. Section 144, Title 28, United States Code, pertinently provides, in part, that "[t]he affidavit shall state facts and the reasons for the belief that bias or prejudice exists, and *shall be filed not less than ten days before* *the beginning of the term at which the proceeding is to be heard,* or good cause shall be shown for failure to file it within such time." (Emphasis added.)

Substantively, the affidavit is insufficient. Plaintiff's factual allegations are simply stated as follows: (1) "decisions in cases involving suspension of high school students because of the length of their hair . . . wherein he expressed a belief that cases involving hair length should not be within the province of the federal courts"; and (2) "upon information and belief,[2] Judge Becker is a retired naval officer with deep (and certainly proper) feelings of loyalty to his service and its long-established practices."

Plaintiff's first factual allegation is insufficient as a basis for fairly supporting[3] or reasonably inferring[4] a bias or prejudice in respect to the case at bar. Past decisions[5] rendered by the undersigned, involving the suspension of high school students because of the length of their hair, wherein a belief was expressed that cases involving hair length of high school students should not be within the province of the federal courts, does not provide a sufficient basis for supporting a charge of bias and prejudice, and the case law clearly supports such a finding. See, e. g., Ex parte American Steel Barrel Co., supra, 230 U.S. at 43–44, 33 S.Ct. 1007; Palmer v. United States, supra; Hodgson v. Liquor Salesmen's Union Local No. 2 of State of New York, supra; 79 Harv.L. Rev. 1435, 1447 (1966). Furthermore, any belief expressed with respect to such prior decisions involving high school students, would be judicial in nature and not personal and thus insufficient as a basis for support, Wolfson v. Palmieri, supra; United States v. Beneke, supra, for plaintiff fails to allege that the expressed "belief" originated or was made in an extrajudicial capacity.

Plaintiff's second factual allegation is equally insufficient as a basis to fairly support or reasonably infer a bias or prejudice in respect to the case at bar. The fact that one has been a naval officer does not disqualify him from acting as a judge in cases involving naval regulations. A naval officer's primary allegiance is to the Constitution of the United States, not to the current administration of naval service.

Plaintiff has totally failed to present to this Court sufficient factual allegations to fairly support or reasonably infer a bias or prejudice. Under the circumstances presented, this Court can find no reason as to why the undersigned cannot devote full and undistracted attention to the case at bar, without being impaired by any unusual or special emotional stake in the matter.

For the foregoing reasons, it is therefore

Ordered that plaintiff's motion for disqualification of judge pursuant to Section 144, Title 28, United States Code, be, and it is hereby, denied.

2. In Berger v. United States, supra, 255 U.S. at 34, 41 S.Ct. 230, the Supreme Court recognized the difficulty in procuring various factual details, such as time and place, in certain circumstances, and therefore ruled that an affidavit may allege facts upon information and belief. However, in such a situation it would seem incumbent upon the affiant to " . . . state, as specifically as possible, the *source* of his belief that the alleged facts are true." 79 Harv.L.Rev. 1435, 1442 (1966). (Emphasis added.)

3. In Berger v. United States, supra, 255 U.S. at 33–34, 41 S.Ct. at 233, the Supreme Court held that " . . . the reasons and facts for the belief the litigant entertains are an essential part of the affidavit, and must give *fair support* to the charge of a bent of mind that may prevent or impede impartiality of judgment." (Emphasis added.)

4. Later cases have employed the terms of "inference" or "reasonableness," rather than the Supreme Court's designation of "fair support." See, e. g., United States v. Thomas, supra; Town of East Haven v. Eastern Airlines Inc., supra; United States v. Ramos, 291 F.Supp. 71 (D.C.R.I. 1968), aff'd., 413 F. 2d 743 (1st Cir. 1969). See also, 79 Harv. L.Rev. 1435, 1446–1447 (1966).

5. Plaintiff refers to past decisions rendered by the undersigned involving " . . . suspension of high school students because of the length of their hair . . . ." Although plaintiff fails to provide the Court with the names of these cases and the dates of their respective dispositions, this Court notes that one such published case may be Giangreco v. Center School District, 313 F.Supp. 776 (W.D.Mo. 1969).