UNITED STATES of America, Plaintiff,

v.

Nicholas CIVELLA et al., Defendants.

Crim. A. No. 23562–3.

United States District Court,
W. D. Missouri, W. D.

Jan. 27, 1975.

Gary Cornwell, Kansas City, Mo., for plaintiff.

James P. Quinn, Kansas City, Mo., for defendants.

## ORDER DENYING MOTION OF DEFENDANT NICHOLAS CIVELLA FOR DISQUALIFICATION OF JUDGE

WILLIAM H. BECKER, Chief Judge.

In the late afternoon of January 24, 1975, defendant Nicholas Civella, through his counsel, filed a motion and affidavit pursuant to Section 144, Title 28, United States Code, and Section 455, Title 28, United States Code, requesting therein that the undersigned District Judge "voluntarily" disqualify himself in this cause, or in the alternative, requiring disqualification for personal bias and prejudice. The completion of the evidentiary hearing on the validity of a wiretap is scheduled for completion on January 28, 1975, and final pretrial hearings and jury trial are set to begin on February 6, 1975.

The affidavit states three grounds.

The first ground of the affidavit is as follows:

"1. That the Honorable William H. Becker, during the latter part of December, 1974 or the first part of 1975, in Kansas City, Missouri, at the Federal Courthouse at 8th and Grand Avenue, but not in any courtroom, in a discussion of the case pending against this defendant, stated that gambling has been slowed down for quite a few years, but that it was returning again; that the only way to control it was to eliminate this defendant and that he (Judge Becker) was going to see that this defendant was removed from the scene for a long tim. (sic) One of the statements was in substance, 'The Godfather (referring to this defendant) escapted (sic) at Apalachin, but I'll see to it that he won't make it out of my courtroom.'

"As a result of the Mario Puzio book and motion picture entitled, 'The Godfather', the term "godfather" universally means a Don or head of the so-called Mafia or so-called organized criminal group).

"That during the last several years the Honorable William H. Becker has on a number of occasions referred to this defendant as the 'Kansas City Godfather'.

"Affiant further states that the above information was received by him on January 20th and 21st, 1975, from persons employed by the Federal Government; that these informants have, in the past, furnished Affiant with information which was correct and accurate and Affiant has every reason to believe that said informants are responsible and trustworthy.

"Affiant further states that he could not have obtained or learned any of this information before the time stated; that a report was made to his attorney as soon as he could reach his attorney. The Defendant-Affiant states that he has not filed this affidavit of personal prejudice for the reason that knowledge of bias and prejudice did not come to him until the

dates stated, and he avers that said absence of knowledge is good cause for his failure to file such affidavit prior to this date.

The second ground of the affidavit is as follows:

"2. That in the case of *United States vs. Ross Joseph Strada,* Number 22676–3, before this Court, wherein that defendant entered a plea of guilty to one count of an Indictment, this Court (Judge Becker) on November 6, 1968, sentenced that defendant to imprisonment for two years, but suspended all but six months of such sentence and granted probation on special conditions. The special conditions of probation imposed by the Court were that defendant, 'shall not associate with or be employed by Anthony Civella, Corkey Civella, Nick Civella, August Fasoni, or any individual reputed to be engaged in illicit or or (sic) criminal activities.'

"In summarizing the pre-sentence report, this Court stated:

" 'At this point the defendant took employment at antonio's (sic) Pizzaria at 4321 Main Street, which is reported to be a congregating point for the criminal element in Kansas City. The owners of the business are Paul Salvia, Anthony—known as Tony—Civella, and Nick Civella. In the opinion of the law enforcing authorities these people are a part of the underworld criminal element and are reputed to be associated with the Mafia or the Cosa Nostra. After undertaking this employment, the defendant was a constant companion, according to the report, of Anthony Civella and a prominent figure in carrying out some of the very illicit activities including gambling.'

"That on January 22, 1974 in a hearing on the Motion to Revoke Probation of the defendant Ross Joseph Strada in the case heretofore referred to, this Court referred to the present cases against Civella as the 'associated cases' Pg 428 TR Strada.

The third ground of the affidavit is as follows:

"3. In hearings on motions in the instant case on August 11, 1972, this Court, addressing himself to defendant Nicholas Civella, stated:

" 'The Court: If you don't be quiet you will spend a weekend in the County Jail.' (Tr 46)

" ' * * * you have been a disruptive character in this case all the time.' (Tr 47).

"Affiant states that Judge Becker has on a number of occasions in various hearings in this cause indicated, by gesture and expression, that he considers the Affiant as the number one or principal defendant and that other defendants herein are merely associates, whereas to the defendant's knowledge there is no evidence connecting this defendant with any of the charges in the three Indictments returned against him."

Counsel for the defendant Nicholas Civella filed a certificate in the following language:

"I the undersigned, counsel of record in the above entitled cause, hereby certify that I believe the above affidavit made by the said Nicholas Civella, was made in good faith."

This certificate of counsel is qualified by the following language over the signature of counsel:

"Counsel is not vouching for the facts stated in defendant's affidavit concerning the statements of this Honorable Court. The defendant has informed his counsel that the sources of his information are extremely confidential and that he cannot, and will not, reveal those sources, even to his counsel. It is impossible for counsel to make an independent investigation of the allegations made by the Affiant. Counsel can merely state that he believes defendant is making the affidavit in good faith."

■ If the affidavit and certificate are sufficient in substance and timely filed the Court cannot deny the motion for disqualification even if the facts stated are demonstrably false. *Berger v. United States,* 255

U.S. 22, 41 S.Ct. 230, 65 L.Ed. 481 (1921). The penalties for perjury and disbarment are considered a sufficient guaranty against unfounded allegations and motions made in bad faith. Note, *Disqualification Of Judges for Bias in the Federal Courts,* 79 Harv.L. Rev. 1435 (1966). On the other hand, when the affidavit of bias or prejudice does not meet the statutory requirements the judge has an obligation not to disqualify himself. *United States v. Anderson,* 433 F.2d 856 (8th Cir. 1970).

The motion to require disqualification will be denied for the following separate and independent reasons:

1. The certificate of counsel does not comply with the requirements of Section 144, Title 28 United States Code;

2. In respect to the second and third grounds, the motion and affidavit are not timely filed;

3. In respect to the third ground, the affiant has not stated the alleged facts in a manner sufficient to determine whether the alleged facts, however false they may be, are sufficient in form and substance to require disqualification;

4. In respect to ground two, the facts stated are insufficient to require disqualification in the light of the portions of the cited record not quoted in the affidavit. *United States v. Strada,* 374 F.Supp. 680 (W.D.Mo.1974), *affirmed,* 503 F.2d 1081 (8th Cir. 1974); and

5. In respect to ground three, the facts stated are insufficient to require disqualification.

These reasons for denying the motion will be discussed hereinafter.

Before discussing separately the above reasons for denying the motion, it is noted generally that "one of the reasons for allowing the district judge to rule on the sufficiency of the affidavit in the first place is to prevent parties from using section 144 as a means of delay." 79 Harv.L.Rev. 1435, 1440 (1966). This comment is particularly applicable to grounds two and three quoted above.

I

*Deficiencies in the Certificate of Counsel*

■ The certificate of counsel does not certify to the good faith of counsel in filing the motion and affidavit as required by Section 144 as construed by the majority of courts. 79 Harv.L.Rev. 1435 (1966); *In re Union Leader Corp.,* 292 F.2d 381 (1st Cir. 1961). A less strict interpretation is followed by some courts. *Flegenheimer v. United States,* 110 F.2d 379 (3rd Cir. 1936). There are valid arguments for each of these diverse views. For the majority view it can be said that the restraint provided by the requirement that the lawyer certify his own good faith as well as that of his client provides an added guaranty against frivolous or false affidavits. It may be a permissible view to construe an unconditional certificate by counsel of good faith of his client, as an implied certificate of good faith of counsel. *Freed v. Inland Empire Insurance Co.,* 174 F.Supp. 458, 465 (D.Utah 1959). But here we cannot make the implication because of the expressed disavowal by counsel in the quoted part of the suggestions. In this case the value of this requirement is more apparent than in most reported cases. On the other hand, there is some logic for the view that the lawyer's *bona fide* apprehension of bias should not deprive his client of the opportunity to present his *bona fide* beliefs. *Cf.* 79 Harv.L.Rev. 1435, 1441–1443 (1966). The certificate of counsel in this case is deficient under both divergent lines of authority.

In respect to the third ground, *in this case, counsel has been deprived of an opportunity to determine the good faith of the movant and to investigate the facts by a refusal of movant to give the source of his information and the details of the persons, places, and reliability of the informants.*

From the affidavit it is impossible to determine, among other things, the following:

(a) the name of each of the alleged informants;

(b) whether any or all of the alleged informants actually exist;

(c) what each informant stated, if anything, to the affiant;

(d) what each informant stated was the personal identity of the source of the alleged information;

(e) whether each alleged informant claimed to have personally heard any alleged statement, or acquired the alleged information by means of unreliable rumor.

Unreliable gossip, rumor, and single, double, or triple hearsay for example cannot be identified by counsel or the Court without detail concerning the source, time, place, and possibility that the alleged event never occurred. *Hodgson v. Liquor Salesmen's Union, Local No. 2,* 444 F.2d. 1344 (2nd Cir. 1971); *Berger v. United States, supra.*

By refusing to divulge to counsel, even under the protection of the attorney-client privilege, the facts on which the allegations of the first ground are based, the movant and affiant have made it impossible for his counsel to supply the unconditional certificate of counsel required by the statute under any interpretation thereof. In respect to the first ground counsel has conditioned his certificate by including in the suggestions the paragraph quoted above. By refusing to give the alleged facts concerning the source, names, and testimonial knowledge of his informants "employed by the Federal Government," who have in the past furnished affiant with information which was correct and accurate and "Affiant has every reason to believe . . . are responsible and trustworthy," movant and affiant has deprived his counsel and the Court of the means to assess the propriety of including the alleged information in an affidavit and motion for disqualification.

At the same time he has made it virtually impossible to investigate the possibility of perjury, and discipline of his counsel.

While it is not material to this inquiry, the refusal of the movant and affiant to give in his affidavit details concerning his alleged information, including the names of his informants and the dates and places of the alleged utterances, and the chain of transmission of the information, if any, has deprived the United States of an opportunity to determine whether he has any informants who recently and in the past have furnished affiant with alleged information or whether the allegations are fictions created by affiant for the purposes of the movant and affiant.

■ Although a judge may not determine the truth of an affidavit, a judge is permitted to comment of record on the allegations of the affidavit. 79 Harv.L.Rev. 1435, 1437 (1966). In the exercise of this privilege, it is stated of record that the charge of personal (and official) bias and prejudice is unfounded in general and in factual detail so far as factual detail is supplied by movant and affiant.

## II

### *Lack of Timeliness in Respect to the Second and Third Grounds*

■ The second ground is based on an official action occurring in 1968 and an alleged insignificant official reference in 1972 in the case of *United States v. Strada, supra.* The record of that case has been well known to counsel for movant and affiant for many months, and probably to movant and affiant.

In any event, there is no allegation that this information recently came to the attention of movant and affiant or of his counsel.

The delay in asserting the events of 1968 and January 1974 is unreasonable, in light of the participation in evidentiary hearings and the submission of many matters in the meantime. This conclusion is warranted regardless of the precise standard of timeliness followed by the Court. 79 Harv.L.Rev. 1435, 1443 (1966).

## III

### *In Respect to the Third Ground, Affiant Has Not Stated the Alleged Facts in a Manner Sufficient to Determine Whether the Alleged Facts, However False They May be, are Sufficient to Require Disqualification*

■ In addition to the authorities and reasoning in part I above, it is concluded

that in respect to the third ground there is a failure to state the necessary dates, places, names of alleged witnesses, and nature of their information required by Section 144 to show that the alleged facts are not imaginary incidents or insignificant and unreliable gossip or rumor. *Berger v. United States, supra; Hodgson v. Liquor Salesmen's Union, Local No. 2*, 444 F.2d 1347, 1348 (2nd Cir. 1971). Section 144 requires specificity of allegations of facts in detail (although reliance on simple hearsay may be permissible) in order that the Court may determine "if the fear of bias is founded in reason." 79 Harv.L.Rev. 1435, 1441 (1966). "Specificity is also necessary because of the difficulty of proving that a general statement is false and was made in bad faith. Although the statements of fact may not be attacked as false in the Section 144 proceedings, the principal deterrent to abuse of the section is the threat of later proceedings against the affiant or his counsel. In these proceedings, the truth or falsity and the good or bad faith of the allegation will be the crucial questions." 79 Harv.L.Rev. 1435, 1441–1442 (1966).

From the affidavit it is impossible to determine if, when, and where any of the alleged statements were made, who overheard them, and whether the allegation that they were made is based on unreliable rumor, gossip, imagination, or falsehood. For these reasons, among others, the affidavit does not comply with the statute.

## IV

*In Respect to the Second Ground the Facts Are Insufficient to Require Disqualification*

■ In *United States v. Strada, supra*, it is alleged truthfully that the undersigned summarized the presentence report containing derogatory information concerning the affiant and the codefendant Anthony Civella. This is not grounds for disqualification, because it is the performance of a judicial duty of advising the defendant Strada of the contents of the report before sentencing. It is further alleged that the undersigned imposed a special condition that Strada should not associate with or be employed by the affiant and the codefendant Anthony Civella.

The record shows that this condition was recommended by the Probation office and followed by the undersigned in sentencing defendant Strada. The record of the 1974 revocation proceedings referred to in the affidavit further shows that later, on his own initiative, this condition was revoked of record by the undersigned as improper. See the attached photocopies of pages 11 and 12 of the "Supplemental Memorandum to Order Revoking Probation of Defendant Containing Findings of Fact and Conclusions of Law" entered on April 10, 1974, in the case of *United States v. Strada, supra*.

The reference to "associated cases" in the *Strada* case does not give rise to any permissible inference of personal bias or prejudice.

## V

■ In respect to the third ground, the facts stated are insufficient to require disqualification. All the alleged official statements, and alleged conclusory generalities about undescribed official gestures and expressions were by affiant's description alleged occurrences in prior proceedings in this action. Such alleged occurrences are not properly grounds for disqualification. *United States v. Anderson*, 433 F.2d 856, 860 (8th Cir. 1970). In the *Anderson* case, the Eighth Circuit Court of Appeals stated the uniformly applicable rule as follows:

"Third, the affidavit is deficient in its reliance, for a showing of prejudice, upon an incident which occurred at a pretrial conference after the case had been assigned. Allegedly, the presiding judge made comments showing bias. This incident cannot be a basis for disqualification. The court's demeanor and rulings in earlier phases of the same case may provide a basis for a claim of error, but they do not provide a basis for disqualification. *Botts v. United States*, 413 F.2d 41 (9th Cir. 1969)." *United States v. Anderson*, 433 F.2d 856, 860 (8th Cir. 1970).

Furthermore, the warning in a pretrial proceeding was given to the movant and affiant over two years ago after he persisted in interrupting the orderly conduct of the proceedings, and failed to heed the whispered advice to desist of his counsel.

## VI

 The motion voluntarily to disqualify, accompanied by the affidavit to compel disqualification, will be denied because there is no judicial, personal or extra-judicial bias against the movant and his codefendants. Every possible consideration has been given to the defendants, including the movant, to ensure a fair pretrial and trial before a jury. It would be a pleasure to avoid the onerous and tedious burden of this unpleasant, protracted, and complex case. However, the law does not permit a judge to indulge his personal desires. A judge has an unavoidable duty not to refuse to recuse himself when the facts verified by affidavit do not support an allegation of legally cognizable bias or prejudice. *Deal v. Warner*, 369 F.Supp. 174, 176 (W.D.Mo.1973).

A judge is presumed to be qualified to preside over a particular cause, and there is a "substantial burden" upon the affiant to establish that such is not the case. *In re Union Leader Corp.*, 292 F.2d 381, 389 (1st Cir. 1961); *Deal v. Warner*, 369 F.Supp. 174, 177 (W.D.Mo.1973); *United States v. Thomas*, 299 F.Supp. 494, 498 (E.D.Mo.1968). The affiant in the case at bar has failed to meet that burden.

The defendant Civella has failed to present to this Court sufficient factual allegations to fairly support or reasonably infer legally cognizable bias or prejudice on the part of the undersigned District Judge. *United States v. Anderson, supra; Deal v. Warner, supra.* The allegations set forth in the defendant's affidavit and motion fall " . . . far short of the specificities required by the statute." *Griffith v. Edwards*, 493 F.2d 495, 496 (8th Cir. 1974).

Under the circumstances presented herein, this Court can find no reason why the undersigned cannot devote full and undistracted attention to the case at bar, without being impaired by any unusual or special emotional stake in the outcome of the case. Neither the Code of Judicial Responsibility, Section 144 or Section 455, Title 28, United States Code, warrant or require voluntary disqualification in the case at bar. *Cf.* Note, *Disqualification of Judges and Justices in Federal Court*, 86 Harv.L.Rev. 736 (1973). Therefore, defendant Nicholas Civella's motion to disqualify the undersigned District Judge should be denied.

For the foregoing reasons, it is therefore

ORDERED that the defendant Nicholas Civella's "Motion and Affidavit Requesting Voluntary Disqualification or in the Alternative Requiring Disqualification for Personal Bias and Prejudice" be, and it is hereby, denied.